# THE UNITED STATES COURT OF FEDERAL CLAIMS

1. DAVID A. SEARS

2. WALTER L. TREPTOW, JR.,

          Plaintiffs,

    v.

UNITED STATES OF AMERICA,

          Defendant.

Civil Action No. 22-1505 C

**COMPLAINT**

## COMPLAINT

### INTRODUCTION

1. This is a civil action brought by plaintiffs David A. Sears and Walter L Treptow, Jr., who are employees of the defendant United States of America ("Defendant"), in its Department of Justice, Drug Enforcement Administration ("DEA"). Plaintiffs are currently employed as GS-13 Telecommunications Specialists in occupational series GS-0391. Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA"), 5 U.S.C. § 5596, and other applicable laws.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. §§ 1346(a)(2), 1491, and 29 U.S.C. § 216(b).

## THE PARTIES

3. Plaintiffs are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

4. Attached to this Complaint as Exhibit A are Plaintiffs' signed individual consent forms to be included as a party to this action pursuant to 29 U.S.C. § 216(b).

5. Defendant and its involved agency is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x), and an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596.

## GENERAL ALLEGATIONS

6. Plaintiff Sears is employed by Defendant as a GS-0391 Telecommunications Specialist and has been employed by DEA as a GS-0391 since at least October 2019. As a GS-0391, Plaintiff participates in and supports DEA's drug investigations.

7. Effective on or about February 27, 2022, Defendant classified Plaintiff Sear's position as FLSA non-exempt.  Subsequently, but effective the same date, without explanation Defendant changed Plaintiff Sear's FLSA classification from FLSA non-exempt to FLSA exempt.

8. Plaintiff Treptow is employed by Defendant as a GS-0391 Telecommunications Specialist and has been employed by DEA as a GS-0391 since at least October. 2019. As a GS-0391, Plaintiff participates in and supports DEA's drug investigations.

9. Effective July 31, 2022, Plaintiff Treptow transferred from working abroad to working in DEA's Tucson, Arizona field office.  Upon transferring, he was classified as FLSA non-exempt. Subsequently, but effective that same date, without explanation Defendant changed Plaintiff's FLSA classification from FLSA exempt to FLSA exempt.

10. Defendant and its officers and agencies are responsible under the United States Constitution, federal law, and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

11. Defendant and its officers and agency, DEA, willfully violated, and continue to willfully violate, the provisions of the FLSA and the premium pay provisions of Title 5 of the U.S. Code by wrongfully and willfully failing and refusing to provide Plaintiffs with pay and benefits due under the FLSA and implementing regulations of Defendant.

12. Under the FLSA and OPM regulations, employees are presumed to be FLSA non-exempt, and Defendant carries the burden of demonstrating by clear and convincing evidence that Plaintiffs are FLSA exempt.

13. Effective February 27, 2022 for Plaintiff Sears and effective July 31, 2022, for Plaintiff Treptow, Defendant considered and treated Plaintiffs as FLSA exempt and has not accorded Plaintiffs the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

14. If Plaintiffs were properly classified as non-exempt from the FLSA, they would have received overtime pay at the rate of time and one-half their FLSA regular rate for all hours worked in excess of 8 hours per day and/or 40 hours per week.

15. DEA has repeatedly violated the FLSA in the past by misclassifying its employees as FLSA exempt.

## COUNT ONE

### (Failure to Properly Compensate Plaintiffs for Overtime Work Under FLSA)

16. Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 15 above.

17. Defendant wrongfully and willfully denied Plaintiffs coverage under FLSA and wrongfully and willfully withheld overtime compensation due them by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 8 hours per day and/or 40 hours per week.

18. Thus, at all times material herein, Defendant violated, and continues to violate the overtime pay provisions of section 7(a) of the FLSA by failing to pay Plaintiffs at the FLSA time and one-half rate for each overtime hour worked by them.

## COUNT TWO

### (Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)

19. Plaintiffs incorporate by reference herein the allegations contained in Paragraph 1 through 18 above.

20. As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiffs various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

21. Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendant and its officers and agents and Plaintiffs are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them. Defendant and its officers and agents are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain

and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability to Plaintiffs may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a) Order Defendant, subject to rules and regulations to be established by this Court which conform with the FLSA, to conduct a full, complete and accurate accounting of all overtime wages, premium and other pay, leave, holiday, and excused and other paid absence compensation, and benefits, interest, and liquidated damages due and owing to Plaintiffs as is sought herein; and,

b) Award Plaintiffs such FLSA overtime back pay, premium pay, liquidated damages, and interest under the Back Pay Act from the date of the denial of such pay and entitlements until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendant under applicable federal laws and regulations; and,

c) Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and,

d) Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and,

e) Grant to Plaintiffs such other relief as the Court deems just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | **/s/Linda Lipsett** |
|  | Linda Lipsett (Counsel of Record) |
| Jules Bernstein | BERNSTEIN & LIPSETT, P.C. |
| BERNSTEIN & LIPSETT, P.C. | 1629 K Street, N.W., Suite 1050 |
| 1629 K Street, N.W., Suite 1050 | Washington, D.C. 20006 |
| Washington, D.C. 20006 | (202) 296-1798 |
| (202) 296-1798 | (202) 496-0555 facsimile |
| (202) 496-0555 facsimile | chouse@bernsteinlipsett.com |
| chouse@bernsteinlipsett.com |  |
|  |  |
| Daniel M. Rosenthal | *Attorneys for Plaintiffs* |
| Alice Hwang |  |
| JAMES & HOFFMAN, P.C. |  |
| 1629 K Street, N.W., Suite 1050 |  |
| Washington, D.C. 20006 |  |
| (202) 496-0500 |  |
| (202) 496-0555 facsimile |  |
| dmrosenthal@jamhoff.com |  |
| achwang@jamhoff.com |  |

Dated: October 13, 2022

-7-

# EXHIBIT A

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT
AND OTHER FEDERAL LAWS
PLEASE TYPE OR PRINT CLEARLY**

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print): David A. Sears

Signature: *[signature]*

Date: 9/26/2022

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT AND OTHER FEDERAL LAWS**

**PLEASE TYPE OR PRINT CLEARLY**

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print): Walter Treptow JR.

Signature: [signed]

Date: 8/12/2022